UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAUNHAGEY & BORDEN LLP,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>GMP HAWAII, INC., et al.,<br><br>　　　　Respondents. | Case No. 13-cv-05253-MEJ<br><br>**ORDER FOR CLERK OF COURT TO REASSIGN CASE**<br><br>**REPORT & RECOMMENDATION** |

## INTRODUCTION

On November 12, 2013, Petitioner BraunHagey & Borden LLP ("BHB") filed this petition seeking enforcement of an arbitration award in favor of BHB and against Respondents GMP Hawaii, Inc., GMP Associates, Inc., and Ohio Pacific Tech, Inc. (collectively, "GMP"). Dkt. No. 1. BHB subsequently filed a Petition to Confirm Arbitration Award on November 12, 2013. Dkt. No. 9. As GMP failed to file an opposition or otherwise appear in this case, the Court ordered GMP to show cause why it should not grant Petitioner's Motion and enter final judgment. Dkt. No. 13. The Court provided notice to GMP that it may enter judgment if GMP failed to respond by the deadline. As of the date of this Order, GMP has not responded to either BHB's Petition or the Order to Show Cause.

Because GMP has neither appeared in this matter nor consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c), this matter will be reassigned to a district judge with the following report and recommendation for confirmation of the arbitration award.

## BACKGROUND

In August 2008, GMP was sued in Guam District Court for negligently designing a water tower that collapsed at an Air Force base in Guam (the "Construction Defect Action"). Fickes Decl. ¶ 2. Dkt. No. 9-1. In February 2011, GMP's insurer, Lexington Insurance Co.

("Lexington"), filed an arbitration before the AAA in Massachusetts, claiming it had no duty to defend GMP in the Construction Defect Action (the "Coverage Dispute"). *Id.* at ¶ 3.

In March 2011, GMP asked BHB to represent GMP in the Coverage Dispute. *Id.* ¶ 4. On or about March 21, 2011, BHB and GMP entered into a retainer agreement pursuant to which GMP retained BHB to assist in the litigation and/or arbitration of the coverage dispute between GMP and Lexington (the "First Retainer Agreement"). *Id.*

The First Retainer Agreement contained an arbitration clause that required the parties to submit all disputes arising out of or related to BHB's engagement to a final and binding arbitration before JAMS in San Francisco:

> **ARBITRATION OF DISPUTES.** Any dispute arising out of or relating to this Agreement or the Firm's performance of legal services hereunder, including any disagreement among or between any of you relating to this Agreement, shall be resolved exclusively by final, binding and confidential arbitration before JAMS to be conducted by a single arbitrator with experience as a judge. The arbitration will be conducted at a location determined by the arbitrator in San Francisco, and administered by and in accordance with the then existing Streamlined Rules of Practice and Procedure of JAMS (a copy of these rules will be furnished to you upon request). In rendering the award, the arbitrator shall determine the rights and obligations of the parties according to the substantive and procedural laws of California, and shall have all equitable and injunctive powers, including regarding each party's confidentiality obligations under their joint defense agreement. Arbitration pursuant to this provision shall be the exclusive means for resolving any dispute arising out of or relating to this Agreement or the Firm's performance of legal services hereunder. You acknowledge that by agreeing to arbitration, you are giving up the right to a jury trial. Judgment on any arbitration award may be entered by any court of competent jurisdiction.

*Id.* ¶ 5.

In June 2011, GMP's counsel in the Construction Defect Action withdrew as counsel in that case. *Id.* ¶ 6. GMP asked BHB to represent GMP in the Construction Defect Action. *Id.* On June 20, 2011, the parties executed a second engagement agreement (the "Second Retainer Agreement"). *Id.* Like the First Retainer Agreement, the Second Retainer Agreement contained an identical arbitration clause:

> **ARBITRATION OF DISPUTES.** Any dispute arising out of or relating to this Agreement or the Firm's performance of legal services hereunder, including any disagreement among or between

2

> any of you relating to this Agreement, shall be resolved exclusively by final, binding and confidential arbitration before JAMS to be conducted by a single arbitrator with experience as a judge. The arbitration will be conducted at a location determined by the arbitrator in San Francisco, and administered by and in accordance with the then existing Streamlined Rules of Practice and Procedure of JAMS (a copy of these rules will be furnished to you upon request). In rendering the award, the arbitrator shall determine the rights and obligations of the parties according to the substantive and procedural laws of California, and shall have all equitable and injunctive powers, including regarding each party's confidentiality obligations under their joint defense agreement. Arbitration pursuant to this provision shall be the exclusive means for resolving any dispute arising out of or relating to this Agreement or the Firm's performance of legal services hereunder. You acknowledge that by agreeing to arbitration, you are giving up the right to a jury trial. Judgment on any arbitration award may be entered by any court of competent jurisdiction.

*Id.*

In reliance on GMP's execution of the retainer agreements, BHB proceeded to successfully defend GMP in the Construction Defect Action. Mot. at 3. Despite BHB's efforts, GMP did not honor its promise to pay BHB for its legal services. *Id.*

On September 4, 2012, BHB initiated an arbitration before JAMS in San Francisco, styled *BraunHagey & Borden LLP v. GMP Hawaii, Inc., GMP Associates, Inc., and Ohio Pacific Tech, Inc.*, JAMS Reference No. 1100071579 (the "Arbitration"). Fickes Decl. ¶ 7. On October 5, 2012, the Honorable Demetrios P. Agretelis (Ret.) was appointed as the Arbitrator. *Id.* The Arbitrator heard evidence and argument on August 28, 2013, and post-hearing briefing was completed on October 1, 2013. *Id.* On October 24, 2013, the Arbitrator issued an award in BHB's favor, awarding BHB all the legal fees that GMP had failed to pay and prejudgment interest, in the amount of $118,862.90 (the "Award"). *Id.* ¶ 7 & Ex. 1. BHB subsequently filed this action.

On December 13, 2013, BHB filed the present Motion to Confirm Arbitration Award. Dkt. No. 9. BHB moves the Court, pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, for an order: (1) confirming an arbitration award in BHB's favor in the Arbitration, and (2) entering final judgment on the arbitration award in BHB's favor and awarding BHB damages in the amount of $118,862.90. GMP has failed to respond or otherwise appear in this matter.

**LEGAL STANDARD**

Pursuant to the FAA, where a party has obtained an award in arbitration, it may move the District Court to confirm the award and enter judgment. 9 U.S.C. § 9 ("any party to the arbitration may apply to the court so specified for an order confirming the award"). Arbitration agreements are intended to make arbitration decisions binding and enforceable and to limit how parties may challenge them. *Volt Info. Sciences v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 474 (1989). The burden of proof in a proceeding to confirm an arbitration award is on the party defending against enforcement. *Injazat Tech. Fund, B.S.C. v. Najafi*, 2012 WL 1535125, at *2 (N.D. Cal. May 1, 2012) (citing *Imperial Ethiopian Gov't v. Baruch–Foster Corp.*, 535 F.2d 334, 336 (5th Cir. 1976)).

"Confirmation is a summary proceeding that converts a final arbitration award into a judgment of the court." *Ministry of Def. and Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc.*, 665 F.3d 1091, 1094 n. 1 (9th Cir. 2011). Once an award is confirmed, it has the same force and effect as a judgment in a civil action, and may be enforced by any means available to enforce civil judgments. *Id.* The Court's task is to determine whether the parties agreed to arbitrate their dispute and whether they agreed to permit confirmation of the award. *Am. President Lines, Ltd. v. Trans Atl. Assocs., Inc.*, 2004 WL 1837923, *1 (N.D. Cal. Aug. 17, 2004) (Court will grant a timely motion to confirm an arbitration award, "if the parties agreed that a court judgment shall be entered on the award.").

**DISCUSSION**

Here, the undersigned finds that the District Court should confirm the Award and enter judgment accordingly. First, the parties' Retainer Agreements contained broad arbitration clauses that include the matters that were arbitrated. Both the First and Second Retainer Agreements encompass "Any dispute arising out of or relating to this Agreement or the Firm's performance of legal services hereunder, including any disagreement among or between any of you relating to this Agreement," and provide such disputes "shall be resolved exclusively by final, binding and confidential arbitration before JAMS to be conducted by a single arbitrator with experience as a judge." Fickes Decl. ¶¶ 5-6. The parties arbitrated whether GMP paid for legal services BHB

4

1  provided pursuant to the two Retainer Agreements and, on October 24, 2013, the Arbitrator issued
2  an award in BHB's favor, awarding BHB all the legal fees that GMP had failed to pay and
3  prejudgment interest, in the amount of $118,862.90.  *Id.* ¶ 7 & Ex. 1.  This issue arises out of
4  BHB's agreement to provide legal services to GMP, and GMP's agreement to pay for such
5  services.

6  Second, the Agreements provide that the District Court may confirm the award and enter
7  judgment.  In addition to providing that the arbitration would be "final and binding," the
8  Agreements provide: "Judgment on any arbitration award may be entered by any court of
9  competent jurisdiction."  *Id.* at ¶¶ 5-6.  This standard language, which is in both Agreements,
10  establishes that BHB and GMP agreed to the application of the FAA to the entry of judgment on
11  the Award.  *Am. President Lines*, 2004 WL 1837923 at *2.

12  Third, there is no indication that the Award has been modified, vacated or corrected.
13  Regardless, such relief only may be granted when it is proven that "the award was procured by
14  corruption, fraud, or undue means," where the Arbitrator was corrupt or exceeded his powers, or
15  where the Arbitrator has made a "gross miscalculation."  *See* 9 U.S.C. §§ 10, 11.  Here, the parties
16  agreed to arbitrate their disputes, they submitted the matter to the Arbitrator with no objection, and
17  the Arbitrator has issued a valid, final, and binding award on the matters submitted.  Accordingly,
18  the undersigned recommends that the District Court confirm the Award and enter judgment.  *Am.*
19  *President Lines*, 2004 WL 1837923 at *2 (recommending the court confirm an arbitration award
20  where the respondent failed to appear and there was therefore no indication that the award should
21  be vacated, modified, or corrected).

## CONCLUSION

Based on the analysis above, the undersigned finds that BHB's Motion to Confirm Arbitration Award should be granted.  Because GMP has yet to consent to the undersigned's jurisdiction, the Court hereby ORDERS the Clerk of Court to reassign this case to a District Court judge.  The undersigned RECOMMENDS that the newly-assigned judge GRANT BHB's Motion to Confirm Arbitration Award and that judgment be entered accordingly.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to

1  this Report and Recommendation within 14 days after being served.  **BHB is directed to serve**
2  **this Report and Recommendation upon GMP.**
3          **IT IS SO ORDERED AND RECOMMENDED.**

5  Dated: January 27, 2014

6  _____
7  MARIA-ELENA JAMES
   United States Magistrate Judge